THE CITY OF PERTH AMBOY ET AL., PROSECUTORS, v. THE BOARD OF PUBLIC UTILITY COMMISSIONERS ET AL., RESPONDENTS.

Submitted July 6, 1922—Decided November 8, 1922.

1. The board of public utility commissioners have power to grant permission to a steam railroad company to lay tracks or spurs across a highway, over which locomotives are to pass, without first obtaining the consent of the municipality in which such highway is located, under *Pamph. L.* 1911, *p.* 383, ¶ 21, as amended by *Pamph. L.* 1917, *p.* 768.

2. It is not necessary in the order granting such permission to fix a day when the order is to become effective. The statute (*Pamph. L.* 1911, *p.* 387, ¶ 32) states when the order shall become effective.

3. The Supreme Court has the power to review the testimony to ascertain whether the order granting such permission is supported by any evidence. But it cannot substitute its judgment for that of the board, when the judgment of the board is supported by evidence.

On *certiorari.*

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutors, *Harry S. Medinets.*

For the respondent Board of Public Utility Commissioners, *Thomas Brown.*

For the respondent Lehigh Valley Railroad Company, *Adrian Lyon.*

For the respondent Perth Amboy Dry Dock Company, *Charles C. Hommann.*

The opinion of the court was delivered by

BLACK, J.   A writ of *certiorari* in this case is prayed for. The purpose is to review and set aside an order made by the

board of public utility commissioners, dated April 18th, 1922. The order grants permission to the Lehigh Valley Railroad Company to construct four tracks or sidings from an existing side track in the city of Perth Amboy across Washington street, a public highway, into the plant of the Perth Amboy Dry Dock Company, upon condition that each movement of trains shall be at not more than six miles per hour across the street and all train movement over the street be preceded by a flagman. Mr. Justice Bergen, on May 23d, 1922, allowed a rule to show cause why a writ of *certiorari* should not issue, returnable before the Supreme Court on the 6th of June, 1922. Notice was given to the defendants of the application to the Supreme Court for the writ. At the same time it was stated that the prosecutors would move the case for argument upon the merits. A stipulation was then entered into in writing, under which all the parties thereto, except the attorney for the public utility commissioners, joined in a request to the court, that at the same time the court, when considering the issuance of the writ of *certiorari,* would also decide the case on the merits, a complete record being filed. The prosecutors have filed eleven reasons for the allowance of the writ and for setting aside the order.

The first four and the sixth are all based upon the fact, that the board of public utility commissioners granted such permission to the Lehigh Valley Railroad Company, notwithstanding the railroad company did not first legally obtain permission from the city of Perth Amboy to construct a railroad track or sidings across and upon Washington street. The legal consent of the city was never obtained. The power for granting such permission by the public utility commission was conferred upon the board by the legislature; such power is found in the statute (*Pamph. L.* 1917, *p.* 768), which is a supplement to the act creating the board of public utility commissioners (*Pamph. L.* 1911, *p.* 383), being an amendment to section 21 of the act. True, the statute does not say in express words that it is not necessary to first obtain

the consent of the municipality, but it does say no track over which locomotives are to pass shall be laid across any highway, so as to make a new crossing at grade, "without first obtaining therefor permission from the board."

What was said in the case of the *Atlantic Coast Electric Railway Co.* v. *Public Utility Board,* 92 N. J. L. 175, is pertinent. It evidently meant (*i. e.,* the act creating the board) to give full control of all public utilities to the board thereby created so far as it could be done by legislation. *Atlantic Coast Electric Railway Co.* v. *Public Utility Board,* 89 *Id.* 407; *O'Brien* v. *Board of Public Utility Commissioners,* 92 *Id.* 44, 46.

So, in the *Atlantic Coast Electric Railway Co. Case,* 92 N. J. L. 169, it was said we have been careful to keep the sovereignty of the state unimpaired and have not parceled out the sovereign powers among minor political subdivisions. Municipalities with us act solely by virtue of legislative authority and as legislative agents, but the powers thus granted should not be unnecessarily extended by implication. So, when the legislature entrusted this power to a board created by it for that purpose, it is exclusive of any such alleged power given to a municipality. So, the consent of the municipality is not necessary, as a condition precedent, to action by the board of public utility commissioners. See *Hackensack Water Co.* v. *Board of Public Utility Commissioners,* 96 *Id.* 184. The fifth reason filed, why the order granting permission by the board should be set aside, is because the order granting such permission did not fix a day when the order was to become effective. This is not necessary, because the statute (*Pamph. L.* 1911, *p.* 387, ¶ 32), provides "all other orders [and this is one] shall become effective upon the date specified therein, which shall be at least twenty days after the date of said order." The order is dated April 18th, 1922.

The seventh, eighth and ninth reasons filed may be dismissed without discussion, as there is no legal merit in any of them.

The tenth and eleventh reasons may be considered together, viz., that there is no evidence to indicate the laying of the tracks in question is a public necessity, but that it is for the sole and private use and benefit of the Perth Amboy Dry Dock Company, and the evidence before the board does not support reasonably the order of the board. Under *Pamph. L.* 1911, *p.* 388, ¶ 38, the Supreme Court has the power to review the testimony to ascertain whether or not the order is supported to any extent by the facts submitted to the board for its consideration. *Potter* v. *Public Utility Commissioners,* 89 *N. J. L.* 157; *Public Service Railway Co.* v. *Board of Public Utility Commissioners,* 97 *Id.* 30. The record shows evidence was taken before the board *pro* and *con.* Several witnesses were sworn giving somewhat in detail their views on the disputed questions at issue. We cannot, under the law, substitute our judgment for that of the board. Our reading of the testimony satisfies us there is evidence in the record in support of the order on the disputed questions of fact at issue. The conditions imposed safeguard the public interest. It would serve no useful purpose to review the testimony in detail or even summarize it.

When a state tribunal has, after due hearing, passed on a question within its jurisdiction, and with whose determination it is charged by statute its findings should not be reversed, unless unwarranted in law or unfounded in fact, or unless a discretionary power has been plainly abused. *Borough of Collingswood* v. *Water Supply Commission,* 84 *N. J. L.* 112.

The rule and application for a writ of *certiorari* is dismissed. The order of the board of public utility commissioners is affirmed, with costs.