52 N.J. Super. 206 (1958)
145 A.2d 54
STATE OF NEW JERSEY AND PUBLIC UTILITY COMMISSIONERS OF THE STATE OF NEW JERSEY, PLAINTIFFS,
v.
NEW YORK CENTRAL RAILROAD COMPANY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided August 1, 1958.
*207 Mr. David A. Furman, Attorney General of the State of New Jersey (Mr. Howard T. Rosen, Deputy Attorney General, appearing) attorney for the plaintiffs.
Messrs. O'Mara, Schumann, Davis & Lynch, attorneys for the defendant (Mr. Edward J. O'Mara, appearing).
FOLEY, J.S.C.
This proceeding is brought by the Attorney General in behalf of the State of New Jersey and its Board of Public Utility Commissioners to enforce an order made by the Board on July 18, 1958 enjoining the defendant company to continue its operation of Weehawken passenger ferry service pending a finding concerning the necessity therefor.
Notwithstanding this direction the defendant has curtailed the service in question, and now, in response to this action brought by the State under N.J.S.A. 48:2-41, which provides inter alia that "observance of the orders of the Board may be enforced * * * by suit in equity to compel the specific performance of the order," asserts that the order unlawfully invades the federal domain reserved by the Commerce Clause of the Constitution of the United States and thus is null and void. Admittedly, this constitutes a collateral attack upon the Board's order.
A fundamental legislative and judicial objective is to provide an orderly means of settling disputes between litigants. In creating the Public Utility Commission the Legislature provided an exclusive method of appeal from its orders. N.J.S.A. 48:2-43. By rule of court this procedure has been implemented. R.R. 2:2-3(a) provides:
*208 "(a) This court [Appellate Division of the Superior Court] shall have the power to permit in its discretion an appeal to be taken from any interlocutory order * * * when, in the opinion of the court, the grounds of appeal are substantial."
If the defendant was dissatisfied with the order of the Board and believed that it was ultra vires and so unconstitutional, it was afforded the opportunity of contesting the validity of the order in the Appellate Division, as indeed did the plaintiff in Erie Railroad Company v. State of New Jersey, 51 N.J. Super. 61 (1958), the opinion in which the defendant relies upon herein. In passing, it is to be observed that appeal has been taken from this decision to the Supreme Court, which will ultimately decide the question this defendant has already decided in its own favor.
Instead of asserting its right in an orderly fashion, the defendant chose to take the wholly intolerable course of ignoring and indeed flouting the order of a public body. In doing so it has gone on strike against the public whose needs and convenience the Board was designed to protect.
The excuse offered for this most unusual conduct is that the defendant may in any proceeding raise the question of the constitutionality of the order, and cases are cited in which orders of bodies of limited jurisdiction were successfully attacked collaterally where plainly and beyond debate the order exceeded the grant of power to the bodies in question.
Such is not the case here. Our courts have held that the Public Utility Act gave the Public Utility Commission a general jurisdiction over utilities and railroads as far as it could be done by legislative act. Atlantic Coast Electric Railway Co. v. Board of Public Utility Commissioners, 92 N.J.L. 168, 175 (E. & A. 1918); O'Brien v. Board of Public Utility Commissioners, 92 N.J.L. 44, 46 (Sup. Ct. 1918), affirmed 92 N.J.L. 587 (E. & A. 1919); Perth Amboy v. Board of Public Utility Commissioners, 98 N.J.L. 106, 108 (Sup. Ct. 1922).
Moreover, the very fact that the ultimate determination of the question involved is still to be made belies any notion *209 that the order of the Board was an act of arrant invalidity. The orders of this body of great breadth of power, granted in the course of the discharge of what it conceives to be its duty, must be regarded as binding until it is otherwise determined in a proper proceeding before the tribunal designated by legislature and court to hear the same. A proper proceeding in this case is one in which direct rather than collateral attack is made, and the proper tribunal is the Appellate Division and not the Chancery Division where the defendant now seeks adjudication of its rights.
Therefore the merits of defendant's contention that the order is null and void will not be considered by this court, and judgment will be entered in favor of the plaintiffs in accordance with the demand for relief contained in the complaint  in short the defendant will be enjoined to resume the service which it arbitrarily curtailed.
Being mindful of the implications of this ruling, I shall suspend its operation until 12:01 A.M., August 5, in order to permit the defendant to take the action before the Appellate Division which it should have undertaken in the first instance. Should that court grant to the defendant a stay of the order of the Public Utility Commission pending appeal, the order entered herein will be deemed inoperative, and an order vacating the same may be submitted.